# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TAMA RADIO LICENSES OF JACKSONVILLE,
FLORIDA, INC., a Florida corporation; TAMPA
BROADCASTING, LTD., a Florida limited partnership;
TAMA GROUP, L.C., a Florida limited liability
corporation; TAMA BROADCASTING GROUP OF
FLORIDA, L.C., a Florida limited liability company;
TAMA RADIO LICENSES OF TAMPA, FLORIDA, INC.,
a Florida corporation; and TAMA RADIO LICENSES OF
SAVANNAH, GEORGIA, INC., a Florida corporation,
CHERRY GROUP, LLC, a Florida limited liability
company; TAMA BROADCASTING, INC, a Delaware
corporation.

       Plaintiffs,                        Case No. 3:08-cv-222-VMC-TEM

vs.

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P., a Delaware limited partnership,

       Defendant.
_____/

## D.B. ZWIRN SPECIAL OPPORTUNITY FUND, LLC'S MEMORANDUM IN OPPOSITION TO CHERRY GROUP, LLC'S MOTION TO ENLARGE TIME FOR FILING AMENDED COMPLAINT AND FOR CLARIFICATION OF NOVEMBER 25, 2009, ORDER

### Introduction

Defendant, D.B. Zwirn Special Opportunities Fund, LLC ("Zwirn"), formerly known as D.B. Zwirn Special Opportunities Fund, L.P., by and through its undersigned counsel, files this memorandum in opposition to the Motion to Enlarge Time for Filing Amended Complaint and for Clarification of November 25, 2009, Order (the "Motion") (Doc. 104), filed by Cherry Group, LLC ("Cherry Group"), on December 11, 2009. Cherry Group's Motion is without merit for at least three reasons: (1) granting the relief

sought in the Motion would unnecessarily delay dismissal of the case because Cherry Group has no legal basis to bring claims against Zwirn; (2) the Court's November 25, 2009, Order (the "Order") (Doc. 101) does not need clarifying; and (3) Cherry Group has had more than a year to decide whether to dismiss this case or pursue an amended complaint as the sole remaining plaintiff. Accordingly, the Court should deny Cherry Group's Motion and dismiss this action.

**Argument**

First, Cherry Group has no basis upon which to bring a claim against Zwirn in its own name. The Amended Verified Complaint (Doc. 2) was filed by Charles W. Cherry, II ("Charles Cherry"), purportedly as counsel for Tama Radio Licenses of Jacksonville, Florida, Inc.; Tampa Broadcasting, Ltd.; Tama Group, L.C.; Tama Broadcasting Group of Florida, L.C.; Tama Radio Licenses of Tampa, Florida, Inc.; Tama Radio Licenses of Savannah, Georgia, Inc; and Tama Broadcasting, Inc. (collectively, the "Tama Parties").

For some reason, Cherry Group was identified as an additional plaintiff, most likely to provide its principles, Charles Cherry and Dr. Glenn W. Cherry ("Glenn Cherry"), with an opportunity to pursue Zwirn vicariously through Cherry Group. Ultimately, Glenn and Charles Cherry filed a separate action and are currently pursuing their own meritless claims against Zwirn in the litigation styled <u>Dr. Glenn W. Cherry, Charles W. Cherry, II, and Group Assets, LLC vs. D.B. Zwirn Special Opportunities Fund, L.P., et al.</u>, Case No. 8:09-cv-33-T33-EAJ, pending before Judge Virginia Covington in the United States District Court for the Middle District of Florida, Tampa Division.

The Tama Parties' purported allegations against Zwirn for violations of the Uniform Commercial Code and the Federal Communications Act were based on Zwirn's status as a "senior creditor of the Tama Parties." See generally Amended Verified Complaint at ¶¶ 2, 4-18. By contrast, Cherry Group does not have a debtor/creditor or any other type of relationship with Zwirn that would confer standing upon Cherry Group to sue Zwirn. In fact, the allegation that "Cherry Group . . . provides management services to the Tama radio stations and performs management functions in connection with the Tama Parties . . . .," Amended Verified Complaint at ¶ 1, is tantamount to an admission that Cherry Group should never have been a plaintiff in the first place. As such, it would be futile for Cherry Group to file an amended complaint, and the Court should deny Cherry Group's Motion for an enlargement of time within which to do so.

Second, nothing in the Court's Order requires clarification. Cherry Group asserts that it is "unclear . . . whether under the [Order], claims may be asserted in an Amended Complaint on behalf of any party other than the Cherry Group." Motion at 3. But, the Order grants only Cherry Group leave to file an amended complaint and the Order specifically states that Cherry Group may **"[assert] only claims on its own behalf** . . . ." Order at 12 (emphasis added). Glenn and Charles Cherry, the individuals identified by Cherry Group as possibly wanting to assert claims in this action, are not even parties to this litigation and therefore cannot file an amended complaint. As discussed above, Glenn and Charles Cherry are already pursuing claims against Zwirn elsewhere. See discussion supra at 2. This fact alone demonstrates that Cherry Group's representation that it needs additional time to consider raising claims for Glenn and Charles Cherry is facially misleading. Furthermore, the request for "clarification" to allow Glenn and

Charles Cherry to make claims simply emphasizes the fact that Cherry Group has no basis itself to make any claim against Zwirn.

In addition, the Court's January 6, 2009, Order (Doc. 80) staying this case pending Cherry Group's ultimately unsuccessful appeal to the Eleventh Circuit instructed the parties to inform the Court as to how they intended to proceed in this action after resolution of the appeal. Specifically, the Court stated, "[o]nce the Eleventh Circuit has resolved the appeal, the parties shall file a motion to reopen the case; indicate which motions, if any, should be reactivated; and explain how they intend to proceed with this action." January 6, 2009, Order at 2. Cherry Group's motion to reopen this case (Doc. 81), filed on January 29, 2009, mentioned nothing of potentially adding claims on behalf of Glenn and Charles Cherry. Cherry Group did not express any intent to add Glenn and Charles Cherry as parties then, and their request for clarification is nothing more than a delay tactic now. Accordingly, the Court does not need to clarify its Order, and Cherry Group's Motion should be denied.

Third, although the Order provided Cherry Group with 16 days within which to file an amended complaint, in reality Cherry Group has had more than a year to make a decision regarding its destiny in this case. Cherry Group's request for an enlargement of time is not a typical one wherein the requesting party had only a short amount of time within which to decide to take a particular action. In discussions held in open court during the hearing on the Tama Parties' motion for substitution of counsel (Doc. 30) and the motion for leave to file an amended complaint (Doc. 35) held before Magistrate Judge Thomas E. Morris on August 14, 2008, Judge Morris stated clearly his intent to grant the motion to substitute Bush Ross, P.A. ("Bush Ross") for Percy Squire and Charles Cherry

as counsel for the Tama Parties. Bush Ross made clear that it would file a notice of voluntary dismissal on behalf of the Tama Parties after being substituted as counsel. Judge Morris informed Cherry Group that after the Tama Parties dismissed their claims, Cherry Group would have to decide whether to dismiss this action or to pursue claims solely in its own name.

Upon the voluntary dismissal of the Tama Parties' claims, the only options for Cherry Group as the remaining litigant were to either continue to pursue its claim, which would require an amended complaint, or to not continue to pursue its claim, which would result in dismissal. Cherry Group has known since the hearing on August 14, 2008, and at least since the Tama Parties filed their Notice of Voluntary Dismissal without Prejudice (Doc. 72) on October 17, 2008, that Cherry Group eventually could be the sole remaining plaintiff in this litigation. Cherry Group also knew since the Court's January 6, 2009, Order staying the litigation that it would need to have a plan for this litigation at the time it moved to reopen the case. As such, Cherry Group has had ample time to determine whether it wanted to file an amended complaint.

Still, in light of the Court's specific December 11, 2009, deadline, there is no reason to grant any further extension. While the Motion explains what commitments counsel for Cherry Group has in the period after December 11, 2009, the fact is that the Motion says nothing to explain why the amended complaint was not filed by December 11, 2009, or why Cherry Group waited until December 11, 2009, to seek an extension.

In sum, Cherry Group's Motion for an enlargement of time is a continuation of a pattern of vexatious litigation brought by serial litigants and their counsel for no purpose other than to harass Zwirn and impermissibly delay resolution of Zwirn's efforts to

exercise its remedies under loan agreements with Tama Broadcasting, Inc. and its subsidiaries. Cherry Group has had ample time to decide whether to file an amended complaint, and had adequate time since the Court's Order on November 25, 2009, to prepare one. There is no meritorious reason to grant Cherry Group's Motion. It is time to dismiss this case.

## Conclusion

WHEREFORE, Zwirn respectfully requests that the Court deny Cherry Group's Motion and dismiss this action for Cherry Group's failure to timely file an amended complaint.

Respectfully submitted,

**/s/ Fentrice D. Driskell**
David Hywel Leonard
Florida Bar No. 0296376
Fentrice D. Driskell
Florida Bar No. 0833851
CARLTON, FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
hleonard@carltonfields.com
fdriskell@carltonfields.com
Attorneys for Zwirn

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of this Court on December 16, 2009, using the CM/ECF system, which will serve a notice of filing upon the filing users.

/s/ Fentrice D. Driskell
Attorney