**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHERRY GROUP, LLC,

        Plaintiff,

vs.                           Case No. 3:08-cv-222-J-34TEM

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

        Defendant.
_____/

## **O R D E R**[1]

**THIS CAUSE** is before the Court on the Motion of Plaintiff Cherry Group, LLC to Enlarge Time for Filing Amended Complaint and for Clarification of November 25, 2009 Order, Docket No. 101 (Doc. No. 104; Motion), filed on December 11, 2009. In its Motion, Cherry Group, LLC (Cherry Group) asks the Court to advise Cherry Group whether, pursuant to the Court's November 25, 2009 Order (Doc. No. 101; Order), Cherry Group may include claims in an amended complaint on behalf of parties other than Cherry Group, specifically Dr. Glenn W. Cherry and Attorney Charles W. Cherry. See Motion at 3. In addition, Cherry Group requests an extension of time, up to and including January 10, 2010, to file an amended complaint. Id. Defendant, D.B. Zwirn Special Opportunities Fund, LLC[2] (DBZ), opposes Cherry Group's Motion. See D.B. Zwirn Special Opportunity Fund, LLC's

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] D.B. Zwirn Special Opportunities Fund, LLC was formerly known as D.B. Zwirn Special Opportunities Fund, L.P., the name shown in the case caption.

Memorandum in Opposition to Cherry Group, LLC's Motion to Enlarge Time for Filing Amended Complaint and for Clarification of November 25, 2009, Order (Doc. No. 105; Response), filed December 16, 2009. Specifically, DBZ argues that the Motion should be denied because granting Cherry Group an enlargement of time would unnecessarily delay the resolution of this action, the Court's Order does not need clarification, and given the procedural history of this case, "Cherry Group has had more than a year to decide whether to dismiss this case or pursue an amended complaint as the sole remaining plaintiff." See Response at 2-5.

In the Order, the Court dismissed former Plaintiffs the Tama Parties[3] from this action. See Order at 10-12. Because all the causes of action asserted in the Amended Verified Complaint pertained to the Tama Parties, it appeared that as a result of the dismissal there were no claims left pending before the Court. See generally Amended Verified Complaint (Doc. No. 2), filed March 3, 2008; see also Order at 10-12. However, the Court could not determine with certainty whether Cherry Group had any remaining claims, not part of another lawsuit, that it intended to pursue in this action. Thus, in an abundance of caution, the Court granted Cherry Group leave to file an amended complaint, asserting only claims on its own behalf. See Order at 10-12. In the memorandum in support of the Motion, Cherry Group contends:

> it is unclear to the Cherry Group, LLC, whether under the November 25, 2009 Order, claims may be asserted in an Amended Complaint on behalf of any party other than the Cherry Group. Specifically, Cherry Group principals, Dr. Glenn W. Cherry and Attorney Charles W. Cherry, may wish to also assert in

---

[3] The Tama Parties include Tama Broadcasting, Inc., Tama Group, L.C., Tama Radio Licenses of Jacksonville, Florida, Inc., Tama Radio Licenses of Tampa, Florida, Inc., Tama Broadcasting Group of Florida, L.C., Tampa Broadcasting, Ltd., and Tama Radio Licenses of Savannah, Georgia, Inc.

> this action claims against DBZ and others. It is requested that the Court advise Plaintiff Cherry Group whether under the November 25, 2009 Order claims may be asserted on behalf of Plaintiffs other than the Cherry Group, LLC.

Motion at 3. The Court finds no merit in Cherry Group's suggestion that there is a lack of clarity in the Order.

Additionally, the Court notes that on December 10, 2009, Cherry Group, LLC, Dr. Glenn W. Cherry, Charles W. Cherry, II, and Group Assets filed a motion to transfer claims they had pending in Case No. 8:09-cv-33-T-33EAJ in the United States District Court, Middle District of Florida, Tampa Division, before the Honorable Virginia M. Hernandez Covington (the Tampa Action), to this Court. See Motion of Cherry Group, LLC, Dr. Glenn W. Cherry, Charles W. Cherry II and Group Assets to Transfer and Consolidate (Doc. No. 103; Motion to Transfer). In doing so, despite the fact that Cherry Group no longer had any pending claims before this Court, and despite the fact that Dr. Glenn W. Cherry, Charles W. Cherry, II and Group Assets had never been named Plaintiffs in this action, these parties represented to the Court that "these actions arise from a common nucleus of operative fact and involve both common questions of law and fact." Motion to Transfer at 2-3. Given the absence of any claims pending before the Court, this representation is at best disingenuous. Moreover, considering the procedural posture of this action, and the parties and claims previously before this Court as opposed to those at issue in the Tampa Action, the Court expresses its concern that the Motion to Transfer is made, not in a good faith attempt to conserve resources or avoid the risk of inconsistent rulings, but rather, in an effort to manipulate the Court and its case assignment procedures.

As previously ordered, Cherry Group will be permitted to file an amended complaint in this action asserting only claims on its own behalf at this time. Cherry Group shall include only such claims that are properly joined in this action, and is cautioned that it shall not include or attempt to include in this action any claims presented to the court in the Tampa Action.[4]

In light of the foregoing, the Court determines that the Motion is due to be granted, in part, and denied, in part. To the extent that Cherry Group seeks clarification of the Court's November 25, 2009 Order, the Court finds that the Motion is due to be denied. Nevertheless, the Court will grant the motion for enlargement of time and permit Cherry Group up to and including January 5, 2010, in which to file an amended complaint, if appropriate, consistent with the dictates of this Order. Failure to do so may result in a dismissal of this action without further notice. Accordingly, it is

**ORDERED**:

The Motion of Plaintiff Cherry Group, LLC to Enlarge Time for Filing Amended Complaint and for Clarification of November 25, 2009 Order, Docket No. 101 (Doc. No. 104) is **GRANTED, in part, and DENIED, in part**.

1. The Motion is **DENIED** to the extent it seeks clarification of the Court's November 25, 2009 Order.

---

[4] If Cherry Group determines that it has no such claims, then it may simply file a notice of voluntary dismissal of this action.

2. The Motion is **GRANTED** to the extent it requests an enlargement of time to file an amended complaint. Cherry Group shall have up to and including **January 8, 2010**, to file an appropriate amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida on December 28, 2009.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties