**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| CHERRY GROUP, LLC : | Case No.: 3:08-cv-00222-J34-TEM |
| Individually and as class representative : | |
| Plaintiffs, : | |
| : | |
| vs. : | |
| : | |
| D.B. ZWIRN SPECIAL : | |
| OPPORTUNITIES FUND, L.P. : | |
| Defendant. : | |

**DEFENDANT FORTRESS VALUE RECOVERY FUND I LLC'S MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Fortress Value Recovery Fund I LLC (f/k/a D.B. Zwirn Special Opportunities Fund, L.P.) ("FVRF") by and through its undersigned counsel, moves this Court pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure for an enlargement of time within which to respond to the First Amended Complaint filed by Plaintiff Cherry Group, LLC, to and including the date twenty (20) days after the grant or denial of FVRF's pending Motion to Transfer and Consolidate. The basis for this Motion is set forth in the following Memorandum of Law.

**MEMORANDUM OF LAW**

On January 8, 2010, Plaintiff filed its First Amended Complaint in this action. Pursuant to Federal Rules of Civil Procedure 15(a)(3) and 6(d), the time for FVRF to respond to the First Amended Complaint expires on January 25, 2010.

FVRF has, concurrently with this Motion, filed a Motion to Transfer and Consolidate seeking to transfer this case to the Tampa Division of the Middle District of

16240508.2

Florida and consolidate it with two related and substantially similar actions currently pending before Judge Covington in the Tampa Division.

FVRF anticipates making a motion to dismiss the First Amended Complaint in this action once the Motion to Consolidate and Transfer has been resolved. The First Amended Complaint in this action differs substantially from the prior version of the Complaint and raises new factual and legal issues that must be addressed in the anticipated Motion to Dismiss. FVRF seeks the requested extension of time for this additional reason as well.

This motion is addressed to the Court's sound discretion and is not filed for purposes of delay. See Fed. R. Civ. P. 6(b)(1)(A). "An application for an enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1165, at 552 (3d ed. 2002). Neither bad faith nor prejudice exists here. Further, the interests of justice and judicial economy weigh in favor of the granting of this motion.

WHEREFORE, FVRF requests that its motion for an enlargement of time to respond to the First Amended Complaint to and including the date twenty (20) days after the grant or denial of its Motion to Transfer and Consolidate be granted.

## CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel for FVRF certifies that counsel for Plaintiff has been consulted and that counsel for Plaintiff does not agree to the relief sought in this motion.

Respectfully submitted,

**/s/ Fentrice D. Driskell**
David Hywel Leonard
Florida Bar No. 0296376
Fentrice D. Driskell
Florida Bar No. 0833851
CARLTON, FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
hleonard@carltonfields.com
fdriskell@carltonfields.com
Attorneys for FVRF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2010, a true and correct copy of the foregoing was filed with the Clerk of this Court using the CM/ECF system, which will serve a notice of filing upon the filing users.

/s/ Fentrice D. Driskell
Attorney
