UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CHERRY GROUP, LLC., | : |
| | : Case No. 3:08-CV-222 |
| Plaintiff, | : |
| | : Judge Howard |
| vs. | : |
| | : Magistrate Judge Morris |
| D.B. ZWIRN SPECIAL | : |
| OPPORTUNITIES FUND, L.P. | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF PLAINTIFF CHERRY GROUP, LLC IN OPPOSITION TO MOTION OF DEFENDANT D.B. ZWIRN SPECIAL OPPORTUNITIES FUND, L.P. TO TRANSFER AND CONSOLIDATE, DOCKET NO. 110**

**I.      INTRODUCTION**

This is an action with class allegations against Defendant D.B. Zwirn Special Opportunities Fund, L.P. (DBZ) for tortious interference with contractual and business relations between the Cherry Group, LLC, Tama Broadcasting, Inc. and others. It is also a claim for fraudulent conveyance.

Defendant DBZ is now in an effort to escape its legacy of predatory loan-to-own lending and collection tactics, violations of the Communications Act of 1934, 47 U.S.C. §310(d) and persistent calls from shareholders for redemptions by reason of accounting irregularities and a Securities and Exchange Commission investigation. *See*, Exhibit A, *Imogen-Rose-Smith Article concerning D.B. Zwirn.* DBZ has invoked a chameleon-like name change charade, in a move straight out of Big Tobacco litigation, to distance itself from the path of deceit and manipulation employed against Plaintiff, its unsecured creditors and the class of similarly situated individuals injured by Zwirn's predatory loan to own get rich quick schemes. *See*, *Exhibit B for another example of loan-to-own*

1

*strategies that violate federal law.* In the case of the example of Exhibit B, the conduct violated FIRREA. Here, the conduct is violative of the Federal Communications Act, particularly with regard to prohibition against premature changes in control of radio broadcast licenses.

DBZ, having managed to avoid judicial detection to date by obfuscating key facts concerning this dispute, now seeks through blatant forum-shopping to persuade this court to disregard its own rules by transferring this action to a different judge, based upon that judge having been assigned a later filed related action. Not only does DBZ advocate ignoring local transfer rules, it distorts the record concerning events that have occurred to date in these causes, and engages in conduct, that if this case was filed in the 11th Circuit, would be grounds for sanctions.

In point of fact, 11th Cir. R. 25-6 states: "<u>Court Action with respect to Impermissible Language or Information in Filings</u>" (a) where any paper filed with the Court, including motions and briefs, contains (1) <u>ad hominem or defamatory language…the court on motion of a party or its own motion</u>, may without prior notice take appropriate actions. (Emphasis added.)

Here DBZ, in its zeal to avoid the merits of Plaintiff's claim, engages in one ad hominem attack after another against Dr. Glenn W. Cherry, Charles W. Cherry II, Esq. (collectively, "the Cherry Brothers") and the undersigned. To be sure, one of the most common non-rational appeals is an *argumentum ad hominem* – or, as the Latin phrase suggests, an "argument against the person" – and not against the ideas he or she is presenting. Decisions should be based on a rational evaluation of the arguments presented, not on an emotional reaction to the person or persons making that argument.

But because human beings often react more strongly to personalities than to the sometimes abstract and complex arguments they are making, *ad hominem* appeals are often very effective with someone who is not thinking critically. Here, DBZ hopes the Court is not critically thinking.

DBZ's personal attacks in this case, like all *ad hominem* fallacies, take a number of different forms, though all share the fact that they attempt to re-focus attention away from the argument made and rather onto the person making it. It doesn't really matter whether the terms of the attack are true or false. What matters is whether the argument is acceptable, not the person arguing it. "After all, even if Adolf Hitler says so, 2+2 still equals 4." See, Introduction to Logic Philosophy 103. Dr. Lee C. Archie, Lander University, Syllabus, Philosophy 103, Spring 2010.

Clearly, the motion of DBZ to transfer suffers from the fallacy of attacking the character or circumstances of the individuals who are the Plaintiffs instead of trying to disprove the truth of the claim or the soundness of the argument. Id. For this reason alone, the motion should be rejected.

Not only does DBZ – now masquerading as FVRF – hope the Court is not thinking critically so as to recognize the fallaciousness of DBZ's ad hominem arguments, DBZ after totally misrepresenting the procedure provided for under local rules governing transfers of related action, asks the Court to ignore the clear language of the local rules in order to transfer this action to a forum that DBZ believes is friendly.

An example of DBZ's duplicity in this regard is its argument that a transfer should occur to "avoid duplicative discovery," *See, docket no. 110 at p. 2.* This argument

is laughable inasmuch as absolutely no discovery whatsoever has occurred in any of these actions. Accordingly, any risk of duplicative discovery is something DBZ has imagined.

## II.     CONSOLIDATION AND RELATEDNESS

Plaintiffs do not oppose the consolidation of this action with Case No. 8:09-cv-01530-T33-EAJ, <u>Group Assets, LLC v. Fortress Investor Group</u>. Case No. 8:09-cv-33-T33, <u>Glenn Cherry v. DBZ</u>, is being appealed and will not be available for further management in district court. Accordingly, Plaintiff opposes consolidation or transfers of that action. Nonetheless, it is agreed between Plaintiff and Defendants that Cases No. 8:09-cv-1530 and 3:08-cv-222 satisfy the Fed. R. Civ. P. 42 standard for consolidation. Plaintiff also agrees that these action are related within the meaning of L.R. 1.04. Accordingly, the only issue for decision is whether the Court should ignore its own rules and transfer the case to Tampa, rather than transferring the Tampa case to Jacksonville, the procedure mandated under L.R. 1.04(b).

## III.    TRANSFER

In connection with a transfer analysis, the Court should consider the truth concerning this dispute, not the hyperbole offered by DBZ. To begin – neither Cherry Group nor the Cherry Brothers are DBZ debtors, and this a critical point of fact.

It is a consistent DBZ tactic to abuse the litigation privilege, insert otherwise libelous 'facts' designed to malign the character and integrity of its opponents –primarily small business owners – as a means of distracting attention from reality and forcing their opponents to expend scarce resources in defending bogus claims. The Plaintiffs in these cases do not owe DBZ any money because they refused to execute personal guaranties to DBZ. Consequently, DBZ's strategy is to drive them into financial distress and eventual

4

personal bankruptcy by forcing them to defend themselves in multiple state court actions, including New York and Florida.

Other courts have recently seen and rejected DBZ's attempt to avoid judicial scrutiny by employing ad hominem attacks and distortion. In the New York Supreme Court, Justice Goodman rejected DBZ's hand-picked Receiver's contempt motion, *Exhibit C*. Last week, Chief Judge Caldwell, S.D. Ohio, upon requiring DBZ to present actual evidence of vexatiousness instead of its typical self-compounding vituperative speech and slander, found DBZ unable to present a single shred of admissible evidence to support its vexatiousnesss claim against undersigned counsel. *See, Exhibit D.*

Armed solely with an unlawful advisory opinion from a court without jurisdiction – the S.D. New York – DBZ has obfuscated reality concerning the truth of the Cherry Group's claim. The opinion relied upon by DBZ from Judge Scheidlin is void and not entitled to any deference whatsoever, since she herself determined that there was no jurisdiction in the United States District Court, something that both parties believed existed. Any action or expressions other than remand by the federal court should be disregarded as an unlawful advisory opinion. See, Muskrat v. United States, 210 U.S. 346 (1911). "The exercise of the judicial power is limited to "cases" and "controversies." Beyond this it does not extend, and unless it is asserted in a case or controversy within the meaning of the Constitution, the power to exercise it is nowhere conferred."; also see, Texas v. City of Frisco, 2008 WL 828055 (March 27, 2008 E.D. Texas) (Federal courts do not issue advisory opinions). Judges Scheidlin's opinion was advisory and its dicta should be disregarded.

5

Contrary to DBZ's claim, the Cherry Group has filed one claim – this action. Dr. Cherry has filed two cases – a case against the FCC and a derivative action. Attorney Cherry has filed one case. Dr. Cherry has filed a complaint with the FCC against DBZ which resulted in the entry into a consent decree, *See, Exhibits E & F*, which under FCC rules is designed to prevent future rule violations. *See, Exhibit G*.

Far from the picture presented by DBZ, the Plaintiff in this action has not been party to multiple proceedings. In fact, it is a party to a single case.

The action in which the Cherry Brothers are parties, the fraudulent conveyance action against DBZ and Fortress, has merit on its own terms. For instance, at *Exhibits H & I* is a copy of the shareholder redemption letters and proxy DBZ sent to DBZ shareholders concerning the change of control over DBZ assets. Page 26 of Exhibit I states unequivocally the transaction may be a fraudulent conveyance. In light of this language, DBZ's argument that the Cherry Brothersw are pursuing meritless claims should be rejected. DBZ's precarious state is described in *Exhibits J and K*, and its acts of misconduct in *Exhibit L*.

## IV.    TRANSFER UNDER LOCAL RULE

L.R. 1.04, states, as follows:

(b) TRANSFER OF RELATED CASES BEFORE TWO OR MORE JUDGES. If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related cases to the judge assigned to the first-filled among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall

assign the magistrate judge assigned to the first-filled among the affected cases to preside in that respect in those cases.

(c) CONSOLIDATION OF RELATED CASES BEFORE ONE JUDGE. If cases assigned to a judge are related because of either a common question of law or fact of any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42. Fed. r. Civ. P., or Rule 13, Fed. R. Cr. P. The moving party shall file a notice of filing the motion to consolidate, including a copy of the motion to consolidate, in each related case.  If the presiding judge determines that the same magistrate judge should preside in some or all respects in some or all of the consolidated cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

Contrary to DBZ's argument, the local rules also provide…:

(d) The judge to whom any case is assigned may, at any time, reassign the case to any other consenting judge for any limited purpose or for all further purposes.

See, L.R. 1.03(d).

L.R. 1.03(d) does not address related cases.  Accordingly, footnote 10 in DBZ's motion concerning a conflict between the local rules and 28 U.S. C. §1404(b), like its overall motion, is without merit.  Unless a case is related, judges may freely transfer cases between divisions.

In this instance, both parties agree that the actions here are related.  It is undisputed that the Jacksonville action was filed first and that L.R. 1.04(b) dictates that the subsequently filed related case <u>shall</u> go to the judge with the first case.  Any failure to adhere to this very logical methodology would be unfair, a denial of due process and an effort to persuade this court – on the basis of ad hominem arguments and character assassination – to ignore a clear textual prescription in the local rules mandating the transfer of the later filed related action to Jacksonville.
7

## V. CONCLUSION

For the above reason it is respectfully requested that DBZ's motion be denied .


                                         *s/Percy Squire, Esq.*
                                         PERCY SQUIRE (0022010)
                                         PERCY SQUIRE CO., LLC
                                         514 S. High Street
                                         Columbus, Ohio 43215
                                         Telephone: (614) 224-6525
                                         Facsimile: (614) 224-6529
                                         psquire@sp-lawfirm.com
                                         Former counsel for Plaintiffs

                                         Of Counsel:
                                         *s/Charles W. Cherry II*
                                         Charles W. Cherry, II, Esq.
                                         FL Bar #382221
                                         5200 SW 18th St.
                                         Plantation, FL 33317
                                         Facsimile: (954) 583-9667
                                         ccherry2@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the court's electronic filing or email February 3, 2010, upon the following:

David Hywel Leonard
Fentrice Driskell
CARLTON FIELDS, PA
P.O. Box 3239
Tampa, FL 33601
813-223-7000 Telephone
813-229-4133 Facsimile
hleonard@carltonfields.com
fdriskell@carltonfields.com

J. Carter Anderson
Bryan D. Hull
P.O. Box 3913

Tampa, FL 33601
813-224-9255 Telephone
813-223-9620 Facsimile
canderson@bushross.com

*s/Percy Squire, Esq.*

**EXHIBIT LIST**

| | |
|---|---|
| **EXHIBIT A.** | Imogen Rose-Smith Articles Concerning DBZ |
| **EXHIBIT B.** | Action Against Credit Suisse for Loan to Own Strategy |
| **EXHIBIT C.** | Order Supreme Court New York Denying D.B. Zwirn Receiver Motion for Contempt |
| **EXHIBIT D.** | S.D. Ohio Rejecting DBZ Sanctions Motion |
| **EXHIBIT E.** | Federal Communications Commission (FCC) Inquiry Concerning DBZ Premature Change of Control of Tama Licenses |
| **EXHIBIT F.** | DBZ Change of Control Consent Decree (FCC Licenses) |
| **EXHIBIT G.** | FCC Regulations Concerning Consent Decrees |
| **EXHIBIT H.** | Zwirn Letter to Shareholders Concerning Redemptions |
| **EXHIBIT I.** | Zwirn Shareholder Proxy Concerning Transfer of Control to Fortress |
| **EXHIBIT J.** | Article Concerning Zwirn closure |
| **EXHIBIT K.** | Article, Fortress Acquires Control of Zwirn Assets |
| **EXHIBIT L.** | Pending Actions Alleging DBZ Misconduct |