**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHERRY GROUP, LLC,

      Plaintiffs,

vs.                                                CASE NO.  3:08-cv-222-J-33TEM

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on the pending Initial Fee Application of Former Counsel for Tama Broadcasting, Inc. (Doc. #123, Motion for Attorneys' Fees), filed September 12, 2011.  For the reasons stated below, it is respectfully **RECOMMENDED** the motion for attorneys' fees (Doc. #123) be **DENIED**.

**I. Background**

The Tama Plaintiffs and Cherry Group, LLC filed the instant action on or about February 4, 2008 in the Circuit Court of the Fourth Judicial Circuit in and for Nassau County, Florida.[2]  At the time this action was filed, Glenn W. Cherry sat on the board of directors of Tama Broadcasting, Inc. and was also an officer of Tama Broadcasting, Inc.[3]  On January 8, 2008 (shortly before this action was filed), Charles Cherry, II, Esq., resigned

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] "Tama Plaintiffs" refers to all of the Plaintiffs in this action except Cherry Group, LLC.

[3] Glenn W. Cherry was Tama Broadcasting, Inc.'s corporate executive officer ("CEO") and treasurer.

from his position as a director of Tama Broadcasting, Inc. (Doc. #30 at 2).

On March 3, 2008, the Defendant D.B. Zwirn Special Opportunities Fund, L.P. ("Defendant") filed a notice of removal, removing this action from the Nassau County Circuit Court to this Court (Doc. #1). On May 13, 2008, Tama Broadcasting, Inc.'s board of directors removed Glenn W. Cherry as an officer of the corporation, and reaffirmed his removal as CEO and treasurer on May 20, 2008 (*see* Doc. #30-2 at 2-10). Concurrent with Glenn W. Cherry's removal, Tama Broadcasting, Inc.'s board of directors appointed Dr. Ted Bolton as the corporation's new CEO (Doc. #30-2 at 2-10). Also on May 13, 2008, Tama Broadcasting, Inc.'s board of directors voted to grant its new CEO, Dr. Ted Bolton, the authority to hire new legal counsel for the corporation and to terminate any legal counsel previously hired by Glenn W. Cherry or Charles Cherry (Doc. #30-2 at 2-10).[4]

On May 22, 2008, subsequent to Glenn W. Cherry's removal as a corporate officer, Tama Broadcasting, Inc. filed an action in the Circuit Court in and for Hillsborough County, Florida. This action is captioned *Tama Broadcasting, Inc. v. Group Assets, LLC, Glenn W. Cherry, and Charles W. Cherry, II*, Case No. 08-11492, Div. L (hereinafter referred to as the "Hillsborough County Action") (*see* Doc. #30-3). In the Hillsborough County Action, Tama Broadcasting, Inc. sought preliminary injunctive relief and damages for Group Assets, LLC's, Glenn W. Cherry's, and Charles Cherry's wrongful eviction of Tama Broadcasting, Inc. from certain leased properties (*see* Doc. #30-3).[5]

---

[4] Glenn W. Cherry and Charles Cherry apparently retained Percy Squire as counsel for Tama Broadcasting, Inc.

[5] Glenn W. Cherry and Charles Cherry are managing members of Group Assets, LLC, which leased several properties to Tama Broadcasting, Inc.

In a June 11, 2008 amended order granting Tama Broadcasting, Inc. a temporary injunction, the Honorable Richard A. Nielsen of the Circuit Court in and for Hillsborough County, Florida found that, pursuant to Tama Broadcasting, Inc.'s corporate directives, *supra*, Glenn W. Cherry and Charles Cherry had no authority to act on behalf of Tama Broadcasting, Inc. (Doc. #30-3 at 19). Judge Nielsen further found that, pursuant to the aforementioned corporate directives, Dr. Ted Bolton was granted the authority to retain Bush Ross, P.A. to represent Tama Broadcasting, Inc. in the Hillsborough County Action (Doc. #30-3 at 19). Judge Nielsen ordered Glenn W. Cherry and Charles Cherry to defer to Tama Broadcasting, Inc.'s newly elected CEO, Dr. Ted Bolton and, additionally, ordered them not to interfere in any way with Tama Broadcasting, Inc.'s ability to operate its business (Doc. #30-3 at 23).

On July 16, 2008, the Tama Plaintiffs moved, in this Court, to substitute Bush Ross, P.A. for Percy Squire and Charles Cherry as their counsel of record (Doc. #30). No response in opposition to that motion was filed by Cherry Group, LLC. On August 14, 2008, the undersigned held a hearing on various matters, including the Motion to Substitute and made an oral announcement granting the Motion to Substitute. *See* Transcript of Motion Hearing Held on August 14, 2008 Before Judge Thomas E. Morris (Doc. #54, Transcript, at 45). Thereafter, the undersigned issued a written order on August 27, 2008 memorializing his Order granting the Motion to Substitute. (Doc. #52, Magistrate Judge's Order, at 8). In the Magistrate Judge's Order, the Court reserved jurisdiction to determine the compensation owed Charles Cherry and Percy Squire by Tama Broadcasting, Inc. for

their services pertaining to the instant motion.[6]  *Id.*

Percy Squire and Charles Cherry, still purporting to act as "Counsel for Plaintiffs," filed a Notice of Appeal (Doc. #50) on August 19, 2008, and an Amended Notice of Appeal (Doc. #61) as "Former Counsel for Plaintiffs" on September 9, 2008, appealing, among other things, the Magistrate Judge's Order granting the Motion to Substitute.  These attorneys, as "Former Counsel for Plaintiffs" also filed an Objection to August 27, 2008 Order of Magistrate Judge Thomas E. Morris (Doc. #67) on September 26, 2008.  The Tama Parties, by way of their newly substituted counsel, filed a Notice of Voluntary Dismissal Without Prejudice (Doc. #72) on October 17, 2008.

Additionally, on November 5, 2008, Percy Squire and Charles Cherry filed a second Amended Notice of Appeal (Doc. #78) this time noting the fact that "the undersigned was determined . . . to no longer represent the Tama parties" but nevertheless appealing the Motion to Substitute on behalf of the Cherry Group and the Tama Plaintiffs. (Doc. #78, at 1).  After this filing, the Court stayed the case and directed the Clerk of the Court to terminate all pending deadlines and administratively close the case, pending the resolution of the appeal. (Doc. #79, at 3). The Court instructed the parties, upon resolution of the appeal, "to file a motion to reopen the case; indicate which motions, if any, should be reactivated; and explain how they intend to proceed with this action."  *Id.* at 4.

On January 16, 2009, the Eleventh Circuit, after noting the ambiguity regarding which party (or parties) was attempting to appeal, dismissed the appeal for lack of

---

[6] As discussed later in more detail, the Court's reservation was based upon a request made by Charles Cherry at the August 14, 2008 hearing. *See* Transcript of Motion Hearing Held on August 14, 2008 Before Judge Thomas E. Morris (Doc. #54, Transcript, at 49-50).

jurisdiction. *See Tama Broadcasting Inc. v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 08-14740-HH, slip op. at 2 (11th Cir. January 16, 2009).

On January 29, 2009, the Cherry Group filed a Motion of Plaintiff Cherry Group, LLC to Reopen Case and to Vacate All Orders Issued After August 14, 2008. (Doc. #81). The Cherry Group argued the Magistrate Judge's Order granting the Tama Parties' Motion to Substitute was not in accordance with the procedures set forth in 28 U.S.C. § 636 and was not "rendered final" by the district court. Therefore, the Cherry Group maintained that Bush Ross was never properly substituted as counsel for the Tama Parties, and all orders "issued at the behest of Bush Ross are void."

On November 25, 2009, the District Court found the Magistrate Judge's Order granting the non-dispositive Motion to Substitute was valid when entered and did not require the District Court's approval to make it operative. (Doc. #101, at 9). The District Court also found Cherry Group's objections to the Magistrate Judge's Order were untimely and without merit. *Id.* Thus, the Court denied Cherry Group's motion to vacate all orders issued after August 14, 2008. (Doc. #101, at 10). The District Court then considered Tama Plaintiffs' Notice of Voluntary Dismissal Without Prejudice (Doc. #72) and found Tama Plaintiffs' claims were due to be dismissed, without prejudice pursuant to Rule 41(a). *Id.* The Court also granted Cherry Group leave to file an appropriate amended complaint asserting claims on behalf of Cherry Group only. *Id.*

On January 8, 2010, Cherry Group filed an amended complaint against Defendant D.B. Zwirn Special Opportunities Fund, L.P. (Doc. #108). On April 25, 2011, Defendant moved to dismiss the complaint (Doc. #119), which is currently pending before the District Court.

## II. Discussion

On September 12, 2011, Percy Squire, as "former counsel for Plaintiffs," filed an Initial Fee Application of Former Counsel for Tama Broadcasting, Inc. (Doc. #123, Motion for Attorneys' Fees).[7] The application requests $91,470.26 for Torys, LLP; $321,175.00 for Percy Squire Co., LLC; and an amount "to be determined" for Charles Cherry.[8]

The undersigned finds the motion is due to be denied because it fails to comply with the requirements of Rule 54(d)(2), Federal Rules of Civil Procedure. Rule 54(d)(2) states in pertinent part,

> (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
>
> > (i) be filed no later than 14 days after the entry of judgment;
> >
> > (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> >
> > (iii) state the amount sought or provide a fair estimate of it; and
> >
> > (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

---

[7] On November 3, 2011, the Ohio Supreme Court indefinitely suspended Mr. Squire from the practice of law for multiple violations of the Rules of Professional Conduct. *See Disciplinary Counsel v. Squire*, – N.E.2d –, 2011 WL 5245593, Slip Op. 2011-Ohio-5578 (Ohio, Nov. 3, 2011).

[8] Mr. Squire averred the application would be supplemented with the statement of Charles Cherry upon his return to the United States. (Doc. #123, at 1). However, no such supplement was ever requested to be filed with the Court.

Rule 54(d)(2), Fed. R. Civ. P.

As set forth above, Rule 54 clearly requires a movant to file a motion for fees within fourteen days after the entry of judgment. Additionally, the Local Rules of this Court state the following regarding Motions for Attorneys' Fees:

> In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

Local Rule 4.18(a), Local Rules for the Middle District of Florida.

On November 25, 2009, the District Court dismissed the case as to the Tama Plaintiffs, without prejudice pursuant to Rule 41(a). (Doc. #101). An order granting a plaintiff's motion for voluntary dismissal pursuant to Rule 41(a) qualifies as a final judgment. *McGregor v. Bd of Comm'rs of Palm Beach County,* 956 F.2d 1017, 1020 (11th Cir. 1992). Now, almost two years after the entry of judgment, and over three years since the undersigned granted the Motion to Substitute Counsel, Plaintiffs' former counsel submit a request for attorneys' fees. To designate this request as untimely is an understatement. The application clearly fails to comply with Rule 54(d)(2)(b)(i) and is due to be denied on this basis alone. *See Palmyra Park Hosp. v. Phoebe Putney Memorial Hosp.*, 688 F.Supp.2d 1356 (M.D. Ga. 2010) (denying motion for attorneys' fees, which was filed one day late, as untimely); *Sanders v. Drainfield Doctor, Inc.,* No. 6:06-cv-1216-Orl-28GJK,

2009 WL 667158 (M.D. Fla. Mar. 13, 2009)[9] (denying motion for attorneys' fees filed seventeen days after entry of judgment); *Blanton v. University of Florida*, Case No. 2:05-cv-421-FtM-34SPC, 2008 WL 928114 (M.D. Fla. April 4, 2008) (denying motion for attorneys' fees filed twenty-one days after entry of judgment); *Porcelli v. Onebeacon Insurance Co.*, No. 2:02-cv-303-FtM-33DNF, 2006 WL 3333599 (M.D. Fla. Nov. 16, 2006) (denying motion for attorneys' fees filed twenty-seven days after entry of judgment). Moreover, Plaintiffs' former counsel provides no reason or justification for the inexplicable delay. The Eleventh Circuit has affirmed the enforcement of Local Rule 4.18(a) as long as it does not eviscerate a statutory right. *Grayden v. City of Orlando*, 171 Fed. App'x 284, 285-86 (11th Cir. 2006).

Additionally, the application fails to specify the grounds entitling movant to the award of attorneys' fees. *See* Rule 54(d)(2)(b)(ii). The application cites no statutory or contractual basis for an award of attorneys' fees.[10]

It is not clear whether any possible ground exists for attorneys' fees. Mr. Squire is clearly not entitled to fees under a statutory "prevailing party" standard. He has also failed to provide, or even allege the existence of, a valid fee agreement between himself, Charles Cherry, and Tama to support the fees requested. Much of the procedural history in this case is a result of a struggle for control of the Tama Parties between them and the management members of the Cherry Group, Charles Cherry, and Glenn W. Cherry. In their response to the instant motion, the Tama Plaintiffs argue they never authorized

---

[9] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[10] The undersigned notes the fee application lacks a memorandum of legal authority in compliance with Local Rule 3.01(a), Local Rules for the Middle District of Florida.

Charles Cherry or Mr. Squire to file this action in the first place, and Tama should not be held responsible for attorneys' fees incurred during unauthorized and inappropriate legal action. Plaintiffs argue that when this action was filed in February 2008, Glenn Cherry did not have authority to instruct Charles Cherry or Mr. Squire to file this action, and Glen Cherry was, in fact, specifically instructed by Tama's board of directors not to take any legal action on Tama's behalf. In the Hillsborough County Action, a jury found both Glenn Cherry and Charles Cherry liable to Tama for self-dealing and breach of fiduciary duty. (Doc. #125-1). The jury also found Charles Cherry liable to Tama for professional malpractice. *Id.* Thus, there is obviously a question as to whether Glenn Cherry, and counsel retained by him, was authorized to act on the Tama Plaintiffs' behalf in the instant litigation in the first place. Moreover, to the extent that Charles Cherry and Mr. Squire were acting at the behest of Glenn Cherry, as a board member, their authority certainly became questionable, at least, when Glenn Cherry was removed as a board member on May 13, 2008.

Nonetheless, the undersigned finds it is unnecessary to reach the issue of counsels' authorization to act on behalf of the Tama Plaintiffs because the failure to comply with Rule 54(d) and Local Rule 4.18(a) constitutes sufficient grounds to deny the motion for attorneys' fees. *See Grayden*, 171 Fed. App'x; *Palmyra Park Hosp.*, 688 F.Supp.2d; *Sanders*, 2009 WL 667158; *Blanton*, 2008 WL 928114; *Porcelli*, 2006 WL 3333599.

To the extent that Plaintiffs' counsel is attempting to argue that the Court's reservation of jurisdiction on the issue of attorneys' fees in the August 27, 2008 Magistrate Judge's Order (Doc. #52, at 8) either overrides the timing provision in Rule 54(d)(2)(b)(i) or constitutes grounds entitling the movant to fees under Rule 54(d)(2)(b)(ii), the undersigned finds this argument unpersuasive. At the August 14, 2008 hearing, Charles

Cherry sought to discuss the issue of attorneys' fees, asserting he and Percy Squire were properly retained by Glenn Cherry, prior to his removal as CEO of Tama Broadcasting, Inc., and were entitled to payment for services rendered. (August 14, 2008 Hearing Tr., Doc. #54, at 49). Charles Cherry requested entry of an order that Tama Broadcasting pay attorneys' fees. *Id.* at 50. The undersigned found that issue was not before the Court on proper motion and needed to be raised properly. *Id.* Thus, the Court did not find counsel were, in fact, entitled to attorneys fees, but rather acknowledged that they were free to raise that issue through the proper procedures and at the proper time. Further, while the Court reserved jurisdiction to decide the issue of attorneys' fees, this did not provide counsel with an unlimited amount of time in which to bring a motion, and certainly did not override the timing provisions of Rule 54.

In addition to being untimely and failing to comply with Rule 54(d), the undersigned also notes the application for attorneys' fees is deficient, and problematic, in several other notable respects. The application requests fees of $91,470.26 for Torys, LLP. An invoice in support of the amount billed shows hours and rates for Partner D. Wawro, Associate I. M. Goldrich, and paralegals M. B. Hoffman, R. Washington, and. D. Williams. However, a review of the record shows neither D. Wawro, I. M. Goldrich, nor the law firm of Torys, LLP to be counsel of record for Plaintiffs. Moreover, the invoice submitted by the Torys, LLP firm includes $36,521.52 in "previously billed and unpaid" fees with no supporting explanation as to hours, rates or services rendered in support of that amount. Percy Squire Co., LLC requests fees of $321,175. In the invoice submitted by Percy Squire Co., LLC Mr. Squire's rate inexplicably jumped from $250 per hour to $450 per hour between March 3, 2008 and March 21, 2008. Mr. Squire also appears to be requesting fees unrelated to the

instant litigation. For example, Mr. Squire requests $12,825 for travel to New York City for a hearing before Judge Goodman; $5,962.50 for preparation for the hearing before Judge Goodman; and $9,900 purportedly for twenty-two hours of research concerning New York receiver law. Mr. Squire also requests a substantial amount of fees related to his opposition to the Motion to Substitute Counsel, which the undersigned finds to be self-serving.[11] Finally, in one instance, Mr. Squire claims to have personally billed 21.25 hours in a single day. *(See* Doc. #123-2, at 3 and 5; entries for April 10, 2008).

### III. Conclusion

Accordingly, upon due consideration, it is hereby respectfully **RECOMMENDED** that the pending Initial Fee Application of Former Counsel for Tama Broadcasting, Inc. (Doc. #123) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida this 29th day of November, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any

---

[11] For example, Mr. Squire billed 37.25 hours alone, totaling $16,762.50, for preparation for the August 14, 2008 hearing on the Motion to Substitute Counsel.