**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**CHERRY GROUP, L.L.C.,**
           **Plaintiff,**

                                                                Case No. 3:08-cv-222-J-33TEM

v.

**D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,**
           **Defendant.**
_____/

**TAMA BROADCASTING, INC.'S RESPONSE TO OBJECTION OF CHERRY
GROUP, LLC, DR. GLENN W. CHERRY, CHARLES W. CHERRY AND PERCY
SQUIRE TO NOVEMBER 29, 2011 REPORT AND RECOMMENDATION**

Plaintiffs Tama Broadcasting, Inc., Tama Group, L.C., Tama Radio Licenses of Jacksonville, Florida, Inc., Tama Radio Licenses of Tampa, Florida, Inc., Tama Broadcasting Group of Florida, L.C., Tampa Broadcasting, LTD., and Tama Radio Licenses of Savannah, Georgia, Inc. (collectively, the "**Tama Plaintiffs**")[1] hereby submit the following response to the Objections of Cherry Group, LLC, Dr. Glenn W. Cherry, Charles W. Cherry II, and Percy Squire[2] (the **"Objection"**) to the November 29, 2011 Report and Recommendation (the "**Report and Recommendation**"), and state:

The Report and Recommendation correctly recommends that the District Court should deny the Initial Fee Application filed by Percy Squire on September 12, 2011. The Objection fails to raise a single valid argument that the Report and Recommendation incorrectly applies the

---

[1] The Tama Plaintiffs include all plaintiffs in this action, other than Cherry Group, L.L.C.

[2] Dr. Glenn W. Cherry, Charles W. Cherry II, and Percy Squire are not parties to this action, and therefore, have no standing to make an objection herein.

1

applicable law. Rather, the Objection attempts to resurrect litigation and issues that have expired or have been previously ruled upon by this Court and others. The Tama Plaintiffs incorporate herein their Response in Opposition to the Fee Application.[3]

First, without citation to any authority and without presenting any argument, the Objection states that Cherry Group, LLC, Dr. Glenn W. Cherry, Charles W. Cherry II, and Percy Squire (the "**Objectors**") object to each recommendation of the Magistrate Judge in relation to the Fee Application. This part of the Objection should be rejected for failure to cite authority or articulate any reasoning to support the Objection.

Second, the Objection incorporates all arguments raised in the Fee Application even though the three page Fee Application fails to cite any authority and fails to present any argument to support a claim for fees. Rather, the Fee Application simply states the amount of fees that certain lawyers seek in this matter with out any statutory or contractual basis, and without any explanation as to why these lawyers are entitled to fees. This part of the Objection also should be rejected for failure to cite authority or articulate any reasoning to support the Objection.

Third, contrary to binding case law and without any legal support, the Objectors contend that Rule 54(d)(2), Federal Rules of Civil Procedure does not apply. Specifically, the Objectors argue that the Tama Plaintiffs' voluntary dismissal did not constitute a final judgment and therefore the 14 day time bar to filing a fee application under Rule 54(d)(2) does not apply. But as the Report and Recommendation correctly points out, an order granting a plaintiff's motion for voluntary dismissal pursuant to Rule 41(a) qualifies as a final judgment under *McGregor v. Bd Comm'rs of Palm Beach County*, 956 F. 2d 1017, 1020 (11th Cir. 1992). Unquestionably, the

---

[3] *See* Doc # 125.

Court entered an order granting the Tama Plaintiffs' motion for voluntary dismissal on November 25, 2009 under Rule 41(a).[4] Thus, the Objectors' argument that Rule 54(d)(2) does not apply is meritless.

Furthermore, boldly contradicting the Magistrate Judge's stated intention in reserving jurisdiction, the Objectors also assert that the Court's reservation of ruling on the claim for attorney's fees allowed them an unlimited time to file the Fee Application. As the Report and Recommendation states, the reservation of jurisdiction for fees did not and could not override the Federal Rules of Civil Procedure. The Court made the reservation on August 27, 2008. The Fee Application could have been filed anytime between August 27, 2008 and 14 days after the Order granting the Tama Plaintiffs' motion for voluntary dismissal. The Objectors provide no authority or justification, however, for filing the Fee Application almost two years after the Order granting the Tama Plaintiffs' motion for voluntary dismissal.

Last, the Objectors contend that the Court should leave the issue open of whether Dr. Cherry had authority to commence this litigation and hire counsel until certain documents are produced by the Federal Communications Commission Enforcement Bureau. Importantly, the issue of whether Dr. Cherry had authority to commence this litigation is closed and has been for years. Essentially, the Objectors are asking the Court to re-visit an issue already decided in the Order Granting Motion to Substitute Attorney on August 27, 2008.[5] This request is time barred and improper in response to the Report and Recommendation. As a matter of law, the Fee Application is due to be denied as untimely. Regardless of whether these documents are relevant to any issue in this case, the documents cannot extend the time the litigants had to file a fee

---

[4] *See* Doc # 101 and 72.

[5] *See* Doc # 52.

application under the Federal Rules of Civil Procedure and the Local Rules. The Objectors never requested discovery and never notified the Court that discovery was outstanding relating to the Fee Application or any other issue in the instant case. If there was a dispute over D.B. Zwirn Special Opportunities Fund, L.P. or any other party producing documents, it should have been addressed back in 2008.

The Objection is yet another attempt to delay the proceedings and multiply the litigation for all involved. In multiple fora since early-2008, Dr. Glenn W. Cherry and Charles W. Cherry II (the "**Cherrys**") have multiplied and delayed the litigation and disregarded court procedure. The Cherrys have filed no less than eight appeals[6] and no less than seven lawsuits[7] in which the same subject matter has been addressed by no less than three federal circuit court judges, six federal district court judges, two federal magistrate judges, and three Florida district court of

---

[6] *See Group Assets, LLC v. Tama Broad., Inc.,* 65 So. 3d 521 (Fla. 2d Dist. App. 2011) review dismissed, 68 So. 3d 234 (Fla. 2011), the Cherrys filed a Petition for a Writ of Prohibition with the Second District Court of Appeal. *Group Assets, LLC, Glenn W. Cherry, and Charles W. Cherry II v. Tama Broadcasting,* The Honorable Richard Nielsen Circuit Court, Thirteenth Judicial Circuit, Case No. 08-11492(L) (November 2, 2010). The Cherrys filed five appeals with the Eleventh Circuit related to one case: *Tama Radio Licenses of Jacksonville, Inc. v. D.B. Zwirn Special Opportunities Fund, L.P.*, case no. 08-14740 (dismissed on September 18, 2008); *Tama Radio Licenses of Jacksonville, Inc. v. D.B. Zwirn Special Opportunities Fund, L.P.*, case no. 08-14740 (dismissed on January 16, 2009 for lack of jurisdiction); Glenn W. Cherry v. FCC, case no. 09-15160 (dismissed on December 2, 2009 for lack of jurisdiction); *Glenn W. Cherry v. FCC*, case no. 10-10099 (dismissed on May 4, 2010 for want of prosecution); and *WHYZ Radio, L.P. et al. v. D.B. Zwirn Special Opportunities Fund, Et al.,* case no. 09-15186 (dismissed on December 7, 2009 for lack of jurisdiction).

[7] United States District Court for the Middle District of Florida, Tampa Division (8:09-cv-33-T-33EAJ and 8:09-cv-680-T-33EAJ), the United States District Court for the Middle District of Florida, Jacksonville Division (3:08-cv-222-J-34TEM), the Circuit Court in and for Hillsborough County, Florida Thirteenth Judicial Circuit (Case No. 08-CA-011492 and Case No. 08-CA-023020), the Federal Communications Commission Enforcement Division, Washington D.C. (File No. EB-08-IH-0692), the United States District Court for the Southern District of New York, and the Supreme Court of the State of New York, County of New York (Case No. 600692/2008); and United States District Court for the Middle District of Florida, Tampa Division (*Group Assets, LLC v. Fortress Investment Group*, case no. 8:09-cv01530).

appeals judges, and three Florida circuit court judges.[8]  The United States District Court for the Southern District of New York remanded a lawsuit to New York State Court after Tama's improper removal and several dilatory legal maneuvers.[9]  The district court reprimanded Tama (then under the control of the Cherrys and then represented by counsel for the Cherrys, Mr. Percy Squire) for improper conduct.[10]

In the words of the United States District Court for the Middle District of Florida (Tampa Division) (Covington, J.), since January 2008, the Cherrys and their counsel Percy Squire "have multiplied this litigation in as many federal and state courts as possible to increase the costs of litigation for the receivership, Tama and Tama's lenders, shareholders and directors."  They "have initiated numerous actions before this Court as well as other tribunals . . . [their] objection is but another filing on the mountain of paperwork caused by [their] intentional and vexatious litigation tactics designed solely to multiply litigation that was resolved by the Supreme Court of the State of New York's appointment of a temporary receiver to prevent [them] from further depleting the value of [Tama Broadcasting, Inc.'s ("**Tama**")] assets."[11]  The Court dismissed the Tampa Federal Case without leave to amend, finding "that any further amendment would be

---

[8]  *Id.*

[9]  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting Inc.*, Case No. 08-CV-3125-SAS, 2008 WL 1862638, at *6 (S.D.N.Y. Apr. 28, 2008).

[10]  *Id.*

[11]  *Dr. Glenn W. Cherry, et al., v. D.B. Zwirn Special Opportunities Fund, L.P., et al.*, United States District Court, Middle District of Florida, Case No. 8:09-CV-0033-T33-EAJ (the "**Tampa Federal Case**").  A true and correct copy of the Order dismissing the case without leave to amend in the Tampa Federal Case is attached as Exhibit F to Tama's Response in Opposition to the Fee Application (*see* Doc # 125).

futile, would be filed in bad faith, and would unduly prejudice defendants. . . . **Quite simply, enough is enough.**" (emphasis added).[12]

WHEREFORE, the Tama Plaintiffs respectfully request that the District Court overrule the Objection and enter an order upholding the Report and Recommendation and denying the Fee Application, and granting such other and further relief as the Court deems appropriate.

Dated: December 29, 2011                                Respectfully submitted,

BUSH ROSS, P.A.

By: _/s/ J. Carter Andersen_
J. Carter Andersen
Florida Bar No. 0143626
*candersen@bushross.com*
Meredith A. Freeman
Florida Bar No. 0020969
*mfreeman@bushross.com*
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255; (813) 223-9620 – FAX

Attorneys for:
TAMA BROADCASTING, INC.
TAMA GROUP, L.C.
TAMA RADIO LICENSES OF
   JACKSONVILLE, FLORIDA, INC.
TAMA RADIO LICENSES OF TAMPA,
   FLORIDA, INC.
TAMA BROADCASTING GROUP OF
   FLORIDA, L.C.
TAMPA BROADCASTING, LTD.
TAMA RADIO LICENSES OF SAVANNAH,
   GEORGIA, INC.

---

[12] *Id.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 29, 2011, I electronically filed a true and correct copy of the foregoing response to Objection with the Clerk of the United States District Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the document(s) to the following parties in the manner of service indicated below:

                                              */s/ J. Carter Andersen*
                                                 ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Charles W. Cherry, II, Esq.
Fentrice Driskell, Esq.
David Hywel Leonard, Esq.
Percy Squire, Esq.