UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERRY GROUP, LLC.,

                Plaintiff,

vs.                                Case No.  3:08-cv-222-J-34TEM

D.B. ZWIRN SPECIAL
OPPORTUNITIES FUND, L.P.,

                Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua sponte</u>.    On January 8, 2010, Plaintiff Cherry Group, LLC filed a First Amended Complaint (Doc. 108; Amended Complaint) in which Plaintiff asserts that "[t]his Court has jurisdiction over all causes of action asserted herein under 28 U.S.C. § 1332."  <u>See</u> Amended Complaint ¶ 1.  In support, Plaintiff alleges that it is "a corporate citizen of Florida and Defendant is a citizen of Delaware, with its principal place of business in New York and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs."  <u>Id.</u>  Plaintiff further states that "Cherry Group is a Florida limited liability company," and that Dr. Glenn W. Cherry and Charles W. Cherry II "are the only two managing members of Cherry Group."  <u>Id.</u> ¶¶ 3, 8.  Plaintiff's declarations of citizenship, however, are deficient in establishing that diversity jurisdiction exists between the parties.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 412 (11th Cir. 1999).  An unincorporated business association or entity, such as a general

or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987) (recognizing that "[t]he Supreme Court has declined to depart from the common law rule that unincorporated associations are not juridical personalities to which diversity jurisdiction should be extended"); see also Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182, 184 (3d Cir. 2008); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam).  Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Xaros, 820 F.2d at 1181; see also Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (concluding that "diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of all the members, the several persons composing such association, each of its members" (internal quotation marks and citations omitted)); Swiger, 540 F.3d at 182; Rolling Greens MHP, L.P., 374 F.3d at 1021 (recognizing "the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization"); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen." (internal quotation omitted)).

As a result, unlike a corporation, an unincorporated business association is not a citizen of any particular state, including the state under which it is organized or registered, unless one of its members or partners is a citizen of that state. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337, 1339 (11th Cir. 2002), abrogated, in part,

on other grounds, Instituto De Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1348 (11th Cir. 2008); see also Chapman v. Barney, 129 U.S. 677, 681-82 (1889); Ennis v. Flowers Baking Co. of Bradenton, LLC, No. 6:07-cv-292-Orl-31JGG, 2007 WL 1068139, at *1 (M.D. Fla. Apr. 6, 2007).   Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity.  See Rolling Greens MHP, L.P., 374 F.3d at 1022; accord Carden, 494 U.S. at 192, 196 (finding that "an artificial entity, suing or being sued in its own name, can[not] invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members").   Additionally, each member must be diverse from all opposing parties.[1]  See Carden, 494 U.S. at 195-96; see also Swiger, 540 F.3d at 183-85.

Here, Plaintiff Cherry Group, LLC is a limited liability company, and therefore, the conclusory allegation that "Plaintiff is a corporate citizen of Florida" is insufficient to allege its citizenship.  See Amended Complaint ¶¶ 1, 3.  Rather, to adequately allege its citizenship Plaintiff must establish the citizenship of each of its members.  Although Plaintiff alleges that Glenn Cherry and Charles Cherry are the "only two managing members of Cherry Group," the Complaint does not contain any allegations as to the citizenship of those individuals. Moreover, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members.  See Rolling Greens MHP, L.P., 374 F.3d at 1022.  It may be that the members listed in the Complaint are the only ones that exist.  However, because of the manner in which the members are identified, the Court

---

[1] In evaluating the citizenship of an artificial entity, a court will necessarily employ the guidelines for determining the citizenship of natural persons and corporations.  See Swiger, 540 F.3d at 184-85.

cannot determine whether Plaintiff has listed all its members, or just the managing members. Likewise, Defendant D.B. Zwirn Special Opportunities Fund, L.P. is denominated as a limited partnership.  As such, Plaintiff's allegation that Defendant "is a citizen of Delaware, with its principal place of business in New York," is insufficient to demonstrate Defendant's citizenship.  Instead, Plaintiff must set forth the citizenship of each of the partners comprising the partnership in order to establish Defendant's citizenship.[2]  Underwriters at Lloyd's, London, 613 F.3d at 1089.

Without knowledge of the identity and citizenship of all the members of Cherry Group, LLC and D.B. Zwirn Special Opportunities Fund, L.P., the Court is unable to determine whether complete diversity exists between Plaintiff and Defendant.  See Underwriters at Lloyd's London, 613 F.3d at 1092 (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]").  Indeed, without such information, the Court cannot trace the parties' members' citizenship "through however many layers of partners or members there may be."  See Meyerson v. Harrah's E. Chi. Casino, 299

---

[2]  Plaintiff is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

In light of the foregoing, the Court will provide Plaintiff with an opportunity to establish diversity of citizenship between the parties and that the Court has diversity jurisdiction over the Amended Complaint.

**ORDERED**:

Plaintiff Cherry Group, LLC shall have up to and including **July 3, 2014**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 19, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties