**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHERRY GROUP, LLC,

        Plaintiff,

vs.                                                   Case No.: 3:08-cv-00222-J-34PDB

D.B. ZWIRN SPECIAL
OPPORTUNITIES FUND, L.P.,

        Defendant.

_____/

**FORTRESS VALUE RECOVERY FUND I LLC'S RESPONSE TO COURT'S**
**JUNE 19, 2014 ORDER SEEKING INFORMATION REGARDING SUBJECT**
**MATTER JURISDICTION**

      Defendant, Fortress Value Recovery Fund I LLC ("FVRF"), formerly known as

D.B. Zwirn Special Opportunities Fund, L.P., hereby responds to this Court's June 19,

2014, Order (the "Order") requesting information from Plaintiff, Cherry Group, LLC

("Plaintiff"), to aid in the Court's determination of whether it has diversity jurisdiction

over this action.   While the Court's Order is directed to Plaintiff, FVRF files this

response to more fully explain that the Court need not reach the issue of whether

diversity jurisdiction is present because the Court has federal question jurisdiction to hear

this action.

**Introduction**

      This Court has subject matter jurisdiction over this matter for two independent

reasons.   First, federal question jurisdiction existed at the time of removal, and

subsequent events cannot divest a court of jurisdiction.   The Amended Verified

Complaint (Doc. 2), which was removed to this Court and included Tama Broadcasting,

35441236.5

Inc. and other related entities as the original Plaintiffs, included claims that arose under the Federal Communications Act (the "FCA").  Those claims provided a sufficient basis for FVRF to remove this action from state court, and this Court still has jurisdiction to hear Plaintiff's purported claims.  Second, although the Amended Verified Complaint has been further amended since removal, the allegations of the current operative complaint – Plaintiff's First Amended Complaint (Doc. 108) – raise federal questions under "federal communications laws," federal civil rights laws, 42 U.S.C. §§ 1981 and 1982, and the federal Equal Credit Opportunity Act, 15 U.S.C. § 1691.  See First Am. Compl. (Doc. 108) at ¶¶ 53-57.  Thus, regardless of whether diversity jurisdiction exists, this Court has federal question jurisdiction and should exercise that jurisdiction to rule on the viability of Plaintiff's First Amended Complaint.

## Discussion

### 1.   Federal Question Jurisdiction Existed at the Time of Removal and Subsequent Events Cannot Divest a Court of Jurisdiction.

As Plaintiff correctly notes in its Response, at the time of removal, the operative Complaint alleged claims against FVRF that arose out of the Federal Communications Act, 47 U.S.C. §151, et seq.  FVRF's Notice of Removal (Doc. 1) asserted that the Court had original jurisdiction as a result of the federal claims asserted against it.

It is well-established that "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." Rockwell International Corp. v. United States, 549 U.S. 457, 474 n.6 (2007).  That is because "a district court's removal jurisdiction is determined at the time of removal, and events occurring after removal do not oust the district court's jurisdiction." Smith v. Wynfield Dev. Co., Inc.,

238 Fed. Appx. 451, 455 (11th Cir. 2007) (internal citations and quotations omitted); see also Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction over the state law claims even after Behlen amended the complaint to remove any federal cause of action."); IMFC Prof'l Services of Florida, Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 157 (5th Cir. 1982) (explaining that "amendment of a complaint . . . to eliminate a federal question does not oust a court of jurisdiction").

In order to determine whether a court has subject matter jurisdiction, the court must look to the complaint as it existed at the time of removal.  Smith, 238 Fed. Appx. at 455.  In the case at hand, it is undisputed that the operative Complaint at the time of removal alleged federal claims. Accordingly, this Court retains jurisdiction over this case.

**2.    The First Amended Complaint Raises Federal Questions.**

This Court has jurisdiction over this matter because the First Amended Complaint raises federal questions.  Even when none of the claims made in a complaint arise out of federal law, federal courts have subject matter jurisdiction when the claims "necessarily raise[] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." MDS (Canada) Inc. v. Rad Source Technologies, Inc., 720 F.3d 833, 841 (11th Cir. 2013) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005)); see also Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).

In this case, the First Amended Complaint raises numerous stated federal issues, which are actually disputed and substantial, and which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities.   Specifically, the class action allegations of the First Amended Complaint allege that there are common questions of fact and law, including whether FVRF violated unspecified federal communications laws, whether FVRF violated 15 U.S.C. § 1691, and whether FVRF violated 42 U.S.C. §§1981, 1982.  See First Am. Compl. at ¶ 56.   Additionally, Count III alleges that FVRF illegally terminated Dr. Cherry for filing an FCC complaint alleging violations of federal law.  Id. at ¶ 66.  Thus, the First Amended Complaint raises numerous, substantial federal issues.

Moreover, this Court may entertain this dispute without disturbing any congressionally approved balance of federal and state judicial responsibilities.   It is beyond question that private right of actions exist for violations of 15 U.S.C. § 1691 and 42 U.S.C. §§ 1982, 1983, see, e.g., Henderson v. JP Morgan Chase Bank, N.A., 436 Fed. Appx. 935, 936 (11th Cir. 2011), which is evidence that Congress intended that federal courts have jurisdiction over disputes relating to those statutes. Cf. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986) (holding that there was no federal question when state law claim alleged violation of Federal Food, Drug, and Cosmetic Act and federal statute did not provide for a private right of action). Accordingly, because the First Amended Complaint raises federal questions, this Court has jurisdiction over this case.

It remains only to mention that FVRF disputes Plaintiff's allegations that FVRF engaged in "secretiveness," failed to comply with court orders, or previously made inconsistent representations in other litigation.  See Response of Cherry Group, LLC to June 19, 2014 Order (Doc. 135) at 2-5.  Any alleged action taken by FVRF in any lawsuit other than the instant one is wholly irrelevant to whether this Court has subject matter

jurisdiction over Plaintiff's claims here.  Instead, FVRF would direct the Court to an action previously brought by Charles W. Cherry II and Glenn W. Cherry, the sole members of Plaintiff Cherry Group, LLC,  in this Court's Tampa Division.  See Cherry v. D.B. Zwirn Special Opportunities Fund, L.P., et al., Case No. 8:09-cv-33-T-33EAJ (M.D. Fla. Tampa Div.) (the "First Tampa Action").  In that action, the plaintiffs asserted, nearly verbatim, the same class action allegations that they assert in this lawsuit. See First Tampa Action, (Doc. 5) at ¶¶ 8-12; compare with First  Am. Compl. (Doc. 108) at ¶¶ 53-57.  The plaintiffs in the First Tampa Action also raised causes of action for alleged tortious interference with contractual relations, tortious interference with prospective business advantage, and unjust enrichment, which Cherry Group asserts in Counts I, II, IV, and IX of the First Amended Complaint in the instant litigation.

Of note, on December 23, 2009, Magistrate Judge Elizabeth Jenkins recommended that the plaintiffs' claims in the First Tampa Action be dismissed in their entirety, and her Report was adopted and the case dismissed with prejudice by Judge Virginia Covington on January 27, 2010.  (First Tampa Action, Docs. 173 and 180).  In dismissing that case, Judge Covington chastised the plaintiffs, including Charles Cherry and Glenn Cherry, for their "intentional and vexatious litigation tactics," the same tactics they are employing here through their controlled entity, Cherry Group, LLC.   Judge Covington also observed that the plaintiffs in that case had "initiated numerous actions before this Court, as well as other tribunals," and specifically referenced the instant lawsuit in doing so.  Id. at n.4.[1]  In making her ruling, Judge Covington acknowledged

---

[1] Judge Covington's Order dismissing the First Tampa Action stated:

This case has manifested itself in the present court (8:09-cv-33-T-33EAJ and 8:09-cv-680-T-33EAJ), the United States District Court for the Middle District of Florida, Jacksonville Division

that "enough is enough" and dismissed the First Tampa Action without leave to amend. The plaintiffs appealed the judgment against them to the Eleventh Circuit Court of Appeals, who promptly denied the appeal and affirmed Judge Covington's ruling. The First Amended Complaint in this action likewise is without merit. Hence, FVRF respectfully requests that exercise its jurisdiction, dismiss Plaintiff's First Amended Complaint, and bring this litigation to its due end.

**<u>Conclusion</u>**

Defendant FVRF respectfully requests that this Court determine that it has federal question jurisdiction over this case.

Dated:  July 8, 2014

Respectfully submitted,

/s/  Fentrice D. Driskell
David Hywel Leonard
Florida Bar No. 0296376
D. Matthew Allen
Florida Bar No. 0866326
Fentrice D. Driskell
Florida Bar No. 0833851
CARLTON FIELDS JORDEN BURT, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
E-mail: hleonard@cfjblaw.com
E-mail: mallen@cfjblaw.com
E-mail: fdriskell@cfjblaw.com
Attorneys for Defendant Fortress Value
Recovery Fund I LLC (f/k/a D.B. Zwirn
Special Opportunities Fund, L.P.)

---

(3:08-cv-222-J-34TEM), the Circuit Court in and for Hillsborough County, Florida Thirteenth Judicial Circuit (Case No. 08-CA-011492 and Case No. 08-CA-023020), the Federal Communications Commission Enforcement Division, Washington D.C. (File No. EB-08-IH-0692), the United States District Court for the Southern District of New York, and the Supreme Court of the State of New York, County of New York (Case No. 600692/2008).

First Tampa Action (Doc. 180) at 4-5.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2014, a true and correct copy of the foregoing was filed with the Clerk of this Court using the CM/ECF system, which will serve a notice of filing upon the filing users.

/s/ Fentrice D. Driskell

Attorney
